AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*May 20, 2026*

Nathan Ochsner, Clerk of Court

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| Fernando Maldonado-Lavador | ) Case No. **4:26-mj-328** |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 18, 2026 _____ in the county of _____ Harris County _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Dwight F. Hunt, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: May 20, 2026

_____
*Judge's signature*

City and state:     Houston, Texas

Hon. Christina Bryan, United States Magistrate Judge
*Printed name and title*

**4:26-mj-328**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dwight F. Hunt, being duly sworn telephonically, hereby depose and say:

(1)    I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 29, 2017. My law enforcement career began March 12, 2007, as a Border Patrol Agent.  I currently have over 12 years of immigration law enforcement experience.

(2)    On May 18, 2026, ICE was made aware of the unlawful presence of Fernando Maldonado-Lavador (Defendant) in the United States as a result of information provided by the Harris County Jail (HCJ), in Harris County, Texas. The Defendant also goes by the alias(s) of Fernando Maldonado.

(3)    On May 19, 2026, the HCJ transferred the Defendant to the custody of ICE at the Montgomery Processing Center in Conroe, Texas, for administrative immigration proceedings.

(4)    On May19, 2026, at approximately 7:00 am., ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a).

(5)    The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(6)    Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a).

(7)    Element One: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(8)    Element Two: The Defendant has previously been deported or removed from the United States on the following occasions:

1.  Removed 12/27/2011
2.  Removed 04/30/2009
3.  Removed 02/19/2005

(9)    <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on May 18, 2026, in Harris County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in the paragraph and I am awaiting their response. I reviewed the same database used by LESC and found no encounters.

(10)    <u>Element Four</u>:  The Defendant did not have permission to reenter the United States. On May 19, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(11)    <u>Prior Criminal History</u>: The Defendant has the following prior criminal history:

a)  On May 16, 2026, the Defendant, using the name Fernando Maldonado, was arrested by Houston Police Department in Harris County, Texas for assault-family member. The case is still pending in Harris County, TX.

b)  On January 12, 2016, the Defendant, using the name Fernando Maldonado-Lavador, was convicted in the County Criminal Court at Law No. 7 in Harris County, Texas for the offense of driving while intoxicated and sentenced to 30 days in county jail.

(12)    On May 19, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning the criminal complaint. On or about that day, Assistant U.S. Attorney Jay Hileman (713) 703-9308 accepted this case for prosecution for violation of 8 U.S.C. § 1326(a).

_____

Dwight F. Hunt, Deportation Officer
United States Department of Homeland Security U.S.
Immigration & Customs Enforcement

Sworn to me telephonically on 20th day of May 2026, and I find probable cause.

_____

Hon. Christina Bryan
United States Magistrate Judge
Southern District of Texas